UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE L. FAVERO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, Acting U.S. Attorney General Matthew G. Whitaker; STATE OF CALIFORNIA, California Attorney General Xavier Becerra,<br><br>　　　　　　　　　　Defendants. | Case No.: 19cv78-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

　　The matters before the Court are the Motions to Join. (ECF Nos. 5–26).

　　The Court construes the Motions to Join filed by nonparties as motions to intervene pursuant to Federal Rule of Civil Procedure 24. *See In re Bernal*, 207 F.3d 595, 597 (9th Cir. 2000) (noting the procedures available to a "third party [who] had some interest in property that might somehow be impaired if it could not intervene, *see* Fed. R. Civ. P. 24," compared to procedures available to "a party whose interest would somehow be impaired, if those who were before the court proceeded without it. *See* Fed. R. Civ. P. 19"); *see also Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409 (8th Cir.1995) ("[O]nly a party may bring a Rule 19 motion . . . ."); *Thompson v. Boggs*, 33 F.3d 847, 858 n.10 (7th Cir. 1994) (noting that the court was unaware of any case where "a court granted a motion to join made by a non-party to the lawsuit" and that "the proper course of action would be a motion to intervene under Fed. R. Civ. P. 24."); *Langell v. Ideal Homes LLC*, No. 16-CV-00821-

1

19cv78-WQH-BGS

HRL, 2016 WL 6804604, at *2 (N.D. Cal. Nov. 17, 2016) ("When a non-party seeks to enter a lawsuit, the proper mechanism provided by the Federal Rules of Civil Procedure is a motion to intervene under Rule 24. Courts have considerable latitude to construe improper efforts to enter a lawsuit by a nonparty as attempts to intervene.") (citing *Peruta v. Cty. of San Diego*, 771 F.3d 570, 572 (9th Cir. 2014), *abrogated on other grounds*, 824 F.3d 919, 925 (9th Cir. 2016) (en banc).

The Motions state:

> Comes now plaintiff, _____, and hereby requests the Court and the Clerk of Court for the District of Washington to grant this petition to join Case number: 3:19-cv-00078-WQH-BGS Favero v. United States of America et al. With this petition, I acknowledge the contents of pro se litigant Lawrence L. Favero complaint and declare these grievous harms are befalling the American people to include myself and/or my loved ones.
> This petition is filed pursuant to Supreme Court decision *Johnson v. City of Shelby* the Court makes it clear neither *Twombly* nor *Iqbal* nor the federal pleading rules, require "pro se" plaintiffs to set forth the legal theory supporting the asserted claim for relief. Johnson v. City of Shelby, Miss., 743 F.3d 59, 62 (5th Cir. 2013). Bell Atlantic Corp. v. Twombly (2007). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
> Respectfully,
> Plaintiff – Pro Se: _____
> This is the ____ day of _____ 2019
> Name: _____
> Street: _____
> City: _____ State: ___ Zip: _____
> Phone: _____

(ECF Nos. 5–23 at 1). The Motions are identical except for the name, address, and signature filled in by the individual filing the Motion. Four individuals, *see* ECF No. 13 at 2; ECF No. 23 at 2–3; ECF No. 25 at 2–4; ECF No. 26 at 2–4, include a "story of the harms & suffering you or a loved one is experiencing because our government has overstepped and perverted the boundaries of legitimate governance by the people, for the people," as suggested by the directions for the form, which were included by three individuals, *see* ECF No. 7 at 2; ECF No. 8 at 2; ECF No. 13 at 3.

The Complaint filed by the named Plaintiff in this case, Lawrence Favero, states that "the CDC opioid prescribing guidelines version 1.0, the VA/DoD opioid safety initiative version 3.0, the VA Mission Act 2018, and all Federal and State legislation stemming from the same are in violation of the Fifth and Fourteenth Amendments as the acts perpetrated by the agencies named are discriminatory in nature and harmful (potentially deadly) to the American people and to veterans who suffer from Chronic Pain Disease or Intractable Pain Disease (inter alia the elderly, cancer patients, the disabled, minorities, and impoverished communities throughout America)," and requests the Court to order "the DEA [to] stop persecuting licensed medical professionals and his/her patients by accessing state and federal databases which contain private medical information protected by Health Insurance Portability and Accountability Act of 1996 thereby violating the Fourth Amendment." (ECF No. 1 at 27). The Complaint requests "that all Americans be allowed to join this litigation against the state of California and the United States of America by submitting a 'Motion to Join' with this case number." *Id.* at 26. The directions related to the Motions state that "[t]he simplest manner is to fill in the blanks and mail to the following address" corresponding to the U.S. District Court for the Southern District of California, and are signed "[m]uch luv, soft hugs and many prayers. Respectfully, Robert D. Rose Jr." *See, e.g.*, ECF No. 7 at 2.

Rule 24 provides for two types of intervention: intervention as of right and permissive intervention. A prospective intervenor may intervene as of right when a federal statute confers an unconditional right to intervene or when the prospective intervenor claims an interest that may, as a practical matter, be impaired by disposition of the pending action and that interest is not adequately represented by existing parties. The Ninth Circuit has held that to intervene as of right, a prospective intervenor must: (1) file a timely motion; (2) identify a significant protectable interest related to the subject matter of the action; (3) suffer practical impairment of an interest if intervention is not granted; and (4) be inadequately represented by existing parties. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Failure to satisfy any of these requirements is fatal to a motion to intervene,

and the court need not reach the remaining elements. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). The party seeking to intervene bears the burden of showing that all of the requirements for intervention have been met. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

A proposed intervenor may also intervene by seeking the court's permission under Rule 24(b). A court may permissively allow intervention when the prospective intervenor meets three threshold requirements: (1) files a timely application; (2) shares a common question of law or fact with the main action; and (3) demonstrates that the court has an independent basis for jurisdiction over the intervenor's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Unlike intervention as of right, even if all three requirements are satisfied, the district court has considerable discretion to deny permissive intervention. *Id.* at 412; Fed. R. Civ. P. 24(b). All prospective intervenors must "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). "Courts . . . have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992).

All Motions fail to satisfy the procedural requirements of Rule 24(c). There are no specific grounds for intervention. There are no attached pleadings setting out claims or defenses. On this basis, all Motions are properly denied without consideration of the requirements at Rule 24(a) or 24(b).

IT IS HEREBY ORDERED that the Motions to Join, ECF Nos. 5–26, are DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall mail a copy of this Order to the addresses provided by the individual movants and to Plaintiff Lawrence Favero.

DATED: 2/15/19

WILLIAM Q. HAYES
United States District Judge